FILED

2007 Nov-06  PM 01:29
FILED U.S. DISTRICT COURT
N.D. OF ALABAMA

NOV 0 1 2007



# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.  2:07-CR-179-IPJ-RRA |
| | ) | |
| MICHAEL WAYNE BOBO | ) | |

## PLEA AGREEMENT

The United States of America and defendant MICHAEL WAYNE BOBO hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to plead guilty to **COUNTS One**, and **Three** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT TWO** and to recommend the disposition specified below.

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of possession of a firearm by a unlawful user of a controlled substance, in violation of Title 18, United States Code, Section 922(g)(3), as charged in COUNT ONE, is:

- a.     Imprisonment for not more than ten (10) years;

- b.     A fine of not more than $250,000, or,

- c.     Both (a and b);

- d.     Supervised release of not more than three (3)years; and

- e.     Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of possessing firearm, that is a destructive device, in violation of Title 26, United States Code, Section 5861(d) , as charged in COUNT THREE, is:

- a.     Imprisonment for not more than ten (10) years;

- b.     A fine of not more than $ 250,000;

- c.     Supervised release term of not more than three (3) years; and

- d.     Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA:

The United States would be prepared to prove the following facts at the trial of this case:

On April 26, 2007, a federal search warrant was executed at the residence of the defendant, MICHAEL WAYNE BOBO. During the execution of the search warrant law enforcement officers found the defendant to be in possession of: a Ruger .22 caliber rifle; a Winchester 30.06 caliber rifle; a Romania .545 caliber rifle; a Savage .410 gauge shotgun; a Remington Arms Company 12 gauge shotgun, a Ruger .223 caliber rifle; a Olympic Arms, Inc. .223 caliber rifle; a Sig-Arms .40 caliber pistol; and a Kimber .45 caliber pistol. Agents also found drug paraphernalia, including marijuana cigarettes and syringes. All of these items were found in the upstairs portion of the house along with other items which indicated that BOBO occupied that area of the house.

Also found during the execution of the search warrant were:

Fifteen (15) pineapple style military training grenade hulls and fuse assemblies.

Forty four (44) military grenade strikers.

Assorted matches and match-head shavings.

Approximately fifty (50) feet of hobby fuse.

Two (2) containers of plaster of paris.

Thirteen (13) one pound bottles of various smokeless powders.

One Folger's brand coffee container with pure charcoal shavings.

Thirteen (13) four ounce bottles of Sulfur.

Six (6) four ounce bottles of Saltpeter (potassium nitrate).

One (1) medicine bottle containing suspected black powder.

Two (2) Glucose medicine containers holding suspected flash powder.

Twelve (12) empty Shotgun Shells with primers still in tact (all interior contents removed except primer).

Three (3) boxes of ball bearings.

One (1) plastic bag containing one electric match.

Sixteen (16) aluminum cans each containing one light bulb with it's interior components removed and each covered by a styrofoam cup.

Eight strofoam cups each containing a ligh bulb with it's interior components removed.

Two light bulbs wit ends drilled out and it's interior components removed.

One long light bulb with ends drilled out and it's interior components removed.

Based on an examination of the components recovered during the search of

BOBO's residence, an explosives expert with the ATF will testify that fifteen (15)

improvised explosive devices could have been readily constructed from the

materials present.

On April 26, 2007, BOBO was advised of his *Miranda* rights.  He
agreed to waive his rights and speak with the agents and he signed a written
waiver to that affect.    BOBO said that he lived with his parents and occupied the
upstairs portion of the house.  BOBO admitted to possessing all the firearms found
in the house.  BOBO said that he had been a regular user of marijuana since 1995
and had been smoking marijuana every other day for the last two to three months.
BOBO also admitted that he has injected oxycontin in the past, but has not used
oxycontin in the last six to eight months.

All of the firearms found during the execution of the search warrant
were manufactured outside the State of Alabama and have traveled in and affected
interstate commerce.  An examination of the suspected marijuana found during the
search by the Alabama Department of Forensic Science determined that the
material was in fact marijuana, a controlled substance with a net weight of
2.1grams.

The defendant hereby stipulates that the facts as stated above are
substantially correct.

MICHAEL WAYNE BOBO

## III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

- (a)  That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

- (b)  That the defendant be sentenced at the low end of the sentencing guideline range as that range is determined by the Court.

- (c)  That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court.

- (d)  That the defendant pay a Special Assessment fee of $ 200, said amount due and owing as of the date sentence is pronounced.

## IV.  WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

**In consideration of the recommended disposition of this case, I,**

**MICHAEL WAYNE BOBO,** hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

> (a)   Any sentence imposed in excess of the applicable statutory maximum sentence; and
>
> (b)   Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, discussed the Federal Sentencing Guidelines and their application to case with attorney, who explained them to satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

**I, MICHAEL WAYNE BOBO, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

**MICHAEL WAYNE BOBO**

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court

need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, does not have the right to withdraw plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge

Page 9 of 12

that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of thirteen (13) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within

Page 10 of 12

the past 48 hours except as stated hereafter:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

11/1/07
DATE

MICHAEL WAYNE BOBO
Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised of his rights and all possible defenses. My client has conveyed to me that understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are consistent with the negotiations of counsel and in accord with my client's desires and my best judgement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

11/01/07
/DATE

JONATHAN CROSS, ESQ.
Defendant's Counsel

11/01/07
/DATE

Bin Bowen

WILLIAM M. BOWEN, JR., ESQ.
Defendant's Counsel

## XII. **GOVERNMENT'S ACKNOWLEDGMENT:**

I have reviewed this matter and concur that the plea and disposition set

forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

11/01/07
DATE

MICHAEL W. WHISONANT
Assistant United States Attorney