FILED

2008 Feb-12  PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  2:07-CR-179-IPJ-RRA** |
| | ) | |
| **MICHAEL WAYNE BOBO** | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

COMES now the United States of America, by and through its Counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, by and through Michael W. Whisonant, Assistant United States Attorney, and submits this sentencing memorandum in the above-styled case.

1.      On November 1, 2007, the Defendant plead guilty to Counts One and Three of the Indictment,  pursuant to a written Plea Agreement filed with the Court.  Count One charged Possession of a Firearm While Being an Unlawful User of a Controlled Substance (marijuana) in violation of Title 18, United States Code, Section 922(g)(3).  Count Three charged Possession of a Firearm (Destructive Device) Which is Not Registered in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code, Section 5861(d).

Count Two charged Possession of a Controlled Substance (marijuana) for personal use in violation of Title 21, United States Code, Section 844(a).  Count Two will be dismissed at the Sentencing Hearing pursuant to the Plea Agreement.

2.      As the Supreme Court explained in United States v. Rita, 551 U.S. __ , 127 S.Ct. 2456, 168 L.Ed.2d 203, a district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range. The Presentence Investigation Report, which was disclosed on January 8, 2008, calculated the total offense level of 25 and the Defendant's Criminal History Category as I.  The resulting guideline range for imprisonment was 57 to 71 months.  Neither party filed objections to the calculations.

3.      The next step of the sentencing process is to give both parties an opportunity to argue for whatever sentence they deem appropriate, after which the district judge should consider all the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence requested by a party.  If she decides that a sentence outside the guideline range is warranted, she must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  "We find it uncontroversial that a major departure

should be supported by a more significant justification than a minor one."  United States v. Gall, 128 S.Ct. 586 at 597, quoting Rita.

3.      The Defendant has submitted a Sentencing Memorandum requesting a major departure from the guideline imprisonment range of 57 to 71 months to "a lengthy period of home confinement and probation."  In support of that request, he cites the language of § 3553(a) which contains a general directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing described in the § 3553(a)(2).  The Defendant goes on to suggest that the sentence of probation he requests is supported by several § 3553(a)(2) factors.

4.      The government respectfully disagrees and submits that a sentence at the low end of the guideline range as recommended in the Plea Agreement is appropriate.  To begin with a substantial departure such as that requested by the Defendant would result in a sentence which would fail to reflect the seriousness of the offense, or promote respect for the law, or provide just punishment for the offense.  18 U.S.C. § 3553(a)(2)(A).  The Defendant stands convicted of having materials in his attic residence which could have been readily combined to construct at least fifteen (15) improvised explosive devices, bombs, or grenades.

This was a very serious offense, and the sentence handed down in this case should rightly reflect that fact.

5.      The sentence imposed should afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2)(B).  The sentence imposed in this case should not only deter the Defendant from criminal conduct, but it should also deter others.  It is important to note that the material found in the Defendant's residence were legally obtained.  Unfortunately, the knowledge necessary to combine such material into destructive devices is readily available in publications and on the Internet.  The Defendant and others need to be deterred from this type of conduct, as the consequences of building bombs are devastating to society.  One only has to look to the Middle East to see the impact that Improvised Explosive Devices can have on military forces or a civilian population.  The Defendant's argument that any bomb he might have possessed would have been for "personal defense" only is not persuasive.  Bombs are indiscriminate killers and our laws were designed to protect society from them by punishing those who would construct, possess, and use such devices.

6.      The sentence imposed should protect the public from further crimes of the Defendant.  18 U.S.C. § 3553(a)(2)(C).  The Defendant appears to have the necessary knowledge to build explosive devices and the willingness to purchase

the materials for their construction.  Any sentence imposed must impress upon the

Defendant the seriousness of his actions and the risk, whether intended or not to

society.  It should be noted that the Defendant's residence was in a quite suburban

neighborhood.  His neighbors were shocked and frightened to learn that he was

stockpiling materials which could be readily turned into explosive devices.  Should

he have made a mistake while constructing a device, he would not only have

endangered himself, but also his parents, anyone visiting his parents' home, and

possibly those living or passing near by.

       7.     Any sentence imposed in this case should strive to avoid unwarranted

sentence disparities among defendants with similar records who have been found

guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  The Defendant was not a

member of the Free Militia.  However, he did associate with several members of

the Free Militia, even traveling to Raymond Dillard's residence on one occasion.

Dillard held the self-appointed rank of "Major" in the Free Militia and was the

acknowledged leader of the cell.  Although the Defendant was not a member of the

Free Militia, he attempts to compare his potential sentence to the sentences handed

down in those cases.  Their situations are not so similar that such a comparison

may be drawn.

8.      "Major" Raymond Dillard's Presentence Investigation Report calculated his guideline sentencing range at 135 to 168 months.  This is a substantially higher sentencing range than the Defendant's  57 to 71 months.  The sentencing court granted the government's downward departure motion and sentenced Dillard to 70 months in prison.  Unlike Dillard, the government has not filed motion for a downward departure in the defendant's case.

9.      "Captain" Bonnell Hughes' Presentence Investigation Report calculated his guideline sentencing range at 46 to 57 months.  The sentencing court granted the government's downward departure motion and sentenced Hughes to 24 months.

10.      "Lieutenant" Randall Cole's Presentence Investigation Report calculated his guideline sentencing range at 57 to 71 months (the same as the defendant's range).  The sentencing court granted the Defendant's objections to the PSR which resulted in a lower guideline sentencing range of 37 to 46 months.  Cole was sentenced 37 months.

11.      "Sergeant" Adam Cunningham's Presentence Investigation Report calculated his guideline sentencing range at 37 to 46 months.  The sentencing court granted the Defendant's objection to the PSR which resulted in a lower guideline range of 30 to 37 months.  Cunningham was sentenced to 30 months.

12.     "Private" James McElroy's Presentence Investigation Report calculated his guideline sentencing range at 46 to 57 months.  The sentencing court granted the Defendant's objection to the PSR which resulted in a lower guideline range of 41 to 51 months.  Cunningham was sentenced to 41 months.

13.     It should be noted that the criminal conduct and charges against the Free Militia defendants varied from those of the Defendant.  Also, their backgrounds, and criminal histories varied from the Defendant.  Thus, it is difficult to say that a guideline sentence imposed in this case would result in an unwarranted disparity.

### Conclusion

A sentence within the guideline sentencing range is appropriate and supported by § 3553(a) factors.  This was a serious offense and the punishment should fit the crime.  The Defendant has requested a sentence which amounts to a major departure from the sentencing guideline range.  He has not provided significant justification for such a major departure.  The government stands by it's recommendation in the plea agreement.

Respectfully submitted this the 12th day of February, 2008.

ALICE H. MARTIN
United States Attorney

/s/
MICHAEL W. WHISONANT
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on the Defendant by mailing a copy of same by First Class, United States mail, postage prepaid, this the 12th day of February, 2008, to his attorneys of record:  Jonathan Cross and William M. Bowen, Jr., 2025 3rd Avenue North, Suite 600, Birmingham, Alabama, 35203.

/s/
MICHAEL W. WHISONANT
Assistant United States Attorney